AO 241
(Rev. 01/15)

Page 1

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.   You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.   Make sure the form is typed or neatly written.

4.   You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.   Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.   You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $_____ , you must pay the filing fee.

7.   In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.   When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for the District of Massachusetts**
**1 Courthouse Way, Suite 2300**
**Boston, MA  02210**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.   **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10.   **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241                                                                                                                                    Page 2
(Rev. 01/15)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Massachusetts | |
|---|---|---|
| **Name** (under which you were convicted):<br><br>Heriberto Rivera | | Docket or Case No.: |
| Place of Confinement : Massachusetts Correctional Institution Concord,<br>965 Elm Street, Concord MA 01742 | Prisoner No.:<br><br>W109623 | |
| Petitioner (include the name under which you were convicted)<br><br>    Heriberto Rivera                            v. | Respondent (authorized person having custody of petitioner)<br><br>Sheila Kelly, Superintendent | |
| The Attorney General of the State of:   Massachusetts | | |

**PETITION**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

    Worcester Superior Court, 225 Main Street, Worcester, MA 01608

    (b) Criminal docket or case number (if you know):   1585cr00476

2.   (a) Date of the judgment of conviction (if you know):   05/03/2017

    (b) Date of sentencing:    05/10/2017

3.   Length of sentence:   9 to 10 years, concurrent, on all three counts

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

    misdemeanor count of knowingly and unlawfully possessing firearm without FID card (count 1);

    misdemeanor count of knowingly and unlawfully possessing ammunition (count 2)

    felony count of knowingly and unlawfully possessing with intent to distribute a controlled substance, to wit

      cocaine (count 3)

6.   (a) What was your plea? (Check one)

          ☐   (1)      Not guilty          ☐   (3)      Nolo contendere (no contest)

          ☐   (2)      Guilty              ☐   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Massachusetts Appeals Court

(b) Docket or case number (if you know):   2020-P-0073

(c) Result:   affirmed judgment and conviction

(d) Date of result (if you know):   06/30/2021

(e) Citation to the case (if you know):   Com v. Rivera, 99 Mass. App. Ct. 1131 (Jun. 30, 2021)

(f) Grounds raised:   1. motion to suppress was erroneously denied because police used excessive force in

in violation of state law, state constitution, and Fourth Amendment to U.S. constitution

2. Court imposed excessive term on Count 3, in violation of state law and federal due process

3. Court violated due process by accepting assent to a sentencing enhancement that had no factual basis

4. Court could only apply one predicate offense and it applied two predicate crimes

5. Prior AIK offense is not a predicate ACCA crime.  6. Prior ABDW offense is not a predicate ACCA crime

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Massachusetts Supreme Judicial Court

(2) Docket or case number (if you know):   FAR-28400

(3) Result:   remanded

(4) Date of result (if you know):   01/14/2022

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know):   SJC Remand order, FAR-28400 (Jan. 14, 2022)

(6) Grounds raised:   1. Did Appeal Court err in not applying a new rule while case was on

direct review. 2. Did trial court impose illegal sentence because ABDW is not a ACCA offense

3. Did trial court impose illegal sentence because AIK is not an ACCA offense? 4. Did trial

court impose a lengthy sentence on count 3 due to mistake and oversight?

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Massachusetts Appeals Court

(2) Docket or case number (if you know):   2020-P-0073

(3) Date of filing (if you know):   01/14/2022

(4) Nature of the proceeding:   remanded proceedings

(5) Grounds raised:   Same issues raised in first appeal

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   on remand, affirmed prior decision

(8) Date of result (if you know):   02/11/2022

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    Massachusetts Supreme Judicial Court

(2) Docket or case number (if you know):    FAR No. 28400B

(3) Date of filing (if you know):    05/04/2022

(4) Nature of the proceeding:    Petition for Further Appellate Review

(5) Grounds raised:

     1. Appeals Court erred in accepting prosecutor's recitation as adequte evidence

     2. ABDW was committed with a reckless mens rea and is not an ACCA crime of violence

     3. AIK is not a predicate ACCA crime of violence

     4. Appeals Court violated due process by affirming ABDW enhancement when vacating

     other similarly-situated persons' ABDW enhancements that had same facts.

     5. Appeals Court violated state law and due process by imposing illegal sentence on Count 3

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ☐ Yes    ☑ No

(7) Result:    denied

(8) Date of result (if you know):    06/02/2023

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1)  First petition:    ☑ Yes    ❑ No

    (2)  Second petition:    ☑ Yes    ❑ No

    (3)  Third petition:    ❑ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

      **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Search and Seizure Violated Fourth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Police knocked on door of sister's apartment, waited 5 to 8 seconds, and then used battering ram to break

down door.  There was no threat of harm or risk that evidence would be destroyed because sister was

known not to have criminal record and Petitioner was not in her house at the time that the police sought entry.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 01/15)

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

    _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    _____

    _____

    _____

    _____

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**

ACCA enhancement for prior ABDW and for prior AIK is illegal because prior offenses are not crimes of violence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Undisputed facts show that Petitioner shot at a friend at a party and victim told police that there was no hostility

prior to shooting.  Facts show reckless mens rea, which is not the basis to impose an ACCA enhancement as a

crime of violence for ABDW offense.

2. Under state law, AIK offense lacks an element of force, which means it cannot be a predicate crime of violence.

3. State courts violated equal protection by not applying new rule to direct appeal that clarified that ABDW is

not a crime of violence, when applied to similarly-situated persons.

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion or petition?        ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

As a consolidated appeal, this issue was raised in 2020-P-0073 and FAR 28400 and FAR 28400B

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :

_____

## GROUND THREE:

Trial court imposed an illegal sentence for Count 3 because it exceeded the recommended prison term.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On the day of the sentencing, the prosecutor filed a written recommendation for the Court to impose a sentence of

3 to 4 years on Count 3.  The trial court imposed a term of 9 to 10 years, to run concurrent.  The trial court did not

give any explanation or any reason for the substantial upward departure of 9 to 10 years from the prosecutor's

recommended sentence for Count 3.  Remand is required for the trial court either to correct what is most likely

a mistake or to provide a reason for the substantial upward departure that it imposed.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes     ❑ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❑ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                                 ❑ Yes     ❑ No

(4) Did you appeal from the denial of your motion or petition?                            ❑ Yes     ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❑ Yes     ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**   Trial court erred in accepting Petitioner's plea to his enhancement when there was no factual

basis

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner admitted as true the prior sentencing enhancements at a bifurcurated proceeding after jury trial.  The

court improperly accepted the plea as voluntary and knowing when there is no factual basis for it.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes       ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ❏ Yes   ❏ No

(4) Did you appeal from the denial of your motion or petition?   ❏ Yes   ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏ Yes   ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial:            Thomas Brousseau, 90 West Main Street, Dudley MA 01571

_____

(d) At sentencing:      Thomas Brousseau, 90 West Main Street, Dudley MA 01571

_____

(e) On appeal:          Kari Hong, Boston College Law School, 885 Centre St, Newton MA 02459

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____


17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ❐  Yes      ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ❐  Yes      ❐  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A.  Petition is timely.  On June 3, 2022, the Clerk Francis V. Kenneally notified counsel by email

that in Case FAR-28400B the following action occurred:  "Notice of Denial of Application for Further

Appellate Review.  Please take note that on June 3, 2022, the application for further appellate

review was denied.  Francis V. Kenneally Clerk Dated: June 3, 2022."

_____

_____

AO 241
(Rev. 01/15)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Case 1:23-cv-12046-TSH   Document 1   Filed 09/01/23   Page 16 of 16

(Rev. 01/15)

Page 16

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   immediate release from the custody and

confinement of the Commonweatlh of Massachusetts

or any other relief to which petitioner may be entitled.

/s/ Philip Torrey & /s/ Kari Hong* (admission pending)

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ 09/01/2023 _____ (date).

/s/ Heriberto Rivera

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.